IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

WILLIAM CODY CHILDRESS,
a Minor, by and through John
Childress, Natural Father,                                              PLAINTIFF,

V.                                                      CIVIL ACTION NO. 2:10CV024-P-A

TATE COUNTY SCHOOL DISTRICT,
ET AL.,                                                                 DEFENDANTS.

### ORDER

This matter comes before the court upon the plaintiff's February 19, 2010 motion for preliminary injunction, or, in the alternative, a temporary restraining order [3]. After due consideration of the motions, the court finds as follows, to-wit:

The plaintiff filed the instant civil rights action on February 18, 2010 arising from the administration of corporal punishment on September 1, 2009 upon the plaintiff by Corey Blaylock, the principal of Independence High School in Tate County, Mississippi. On February 19, 2010, the plaintiff filed a motion for a preliminary injunction or for a temporary restraining order to enjoin the defendants from using corporal punishment.

The record does not reflect that the defendants have been served with process. However, in his declaration attached as Exhibit "A" to the instant motion, plaintiff's counsel avers he served Gary Walker, the Superintendent of the Tate County School District and Cory Blaylock with a copy of the instant motion and the complaint.

With regard to the plaintiff's motion for a temporary restraining order, Fed. R. Civ. P. 65(b) provides in pertinent part:

A temporary restraining order may be granted without written or oral notice to the

adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Though the plaintiff appears to have satisfied the second requirement of Rule 65(b), he has not demonstrated there is an immediate and irreparable injury, loss, or damage that will result to the plaintiff before the defendants have an opportunity to be heard. This is especially so given that the plaintiff already received two strikes by Mr. Blaylock's paddle nearly six months ago and he is not alleging to be in immediate threat of another paddling. Furthermore, the plaintiff has not provided the security required by Rule 65(c).

Accordingly, the plaintiff's motion for a temporary restraining order should be denied.

As to his motion for preliminary injunction, the plaintiff bears the burden in demonstrating: (1) substantial likelihood that plaintiff will prevail on the merits;(2) the existence of a substantial threat that plaintiff will suffer an irreparable injury if the injunction is not granted; (3) the threatened injury to plaintiff outweighs the threatened harm that the injunction will cause defendant; and (4) that the granting of the injunction will not disserve the public interest. Fed. R. Civ. P. 65; *Spiegel v. City of Houston*, 636 F.2d 997, 1001 n.2 (5th Cir. 1981).

Having considered the plaintiff's motion, the court concludes that the plaintiff has failed to demonstrate grounds justifying a preliminary injunction primarily because he has not shown a substantial likelihood of success on the merits, especially given the U.S. Supreme Courts decisions in *Ingraham v. Wright*, 430 U.S. 651 (1977) and *Personnel Adm'r of Massachusetts v. Feeney*, 442 U.S. 256 (1979). The Court in *Ingraham* ruled that the Eighth Amendment is inapplicable to corporal punishment in schools. And since the State of Mississippi considers corporal punishment

such as that described in the Complaint as legally appropriate, the plaintiff has not shown how *Ingraham* is inapplicable to the issue of the constitutionality of corporal punishment in and of itself. In *Personnel Adm'r of Massachusetts v. Feeney*, 442 U.S. 256 (1979), the Supreme Court ruled that a veterans-preference statute did not unconstitutionally discriminate against women given that some veterans were women and many non-veterans were males. Similarly, the plaintiff's equal protection argument that Tate County's corporal punishment policy unconstitutionally discriminates against males suffers from the plaintiff's own alleged fact that though 75% of the paddlings in Mississippi have been administered to boys, 25% have been administered to girls. Accordingly, the plaintiff has admitted by his own argument that males are not singled out for paddlings by the defendants at the total exclusion of girls.

The court also concludes that the plaintiff has failed to meet the remaining three requirements for a preliminary injunction. He has not shown the existence of a substantial threat that plaintiff will suffer an irreparable injury if the injunction is not granted given that he has already received the punishment. He has not shown that there is a threatened future injury that would outweigh the threatened harm that the injunction would cause the defendants. Nor has he shown that the granting of the injunction will not disserve the public interest in maintaining discipline in Mississippi schools, his anecdotal, conclusory allegations about corporal punishment falling out of fashion nothwithstanding.

Though the defendants have the right to appear and to present their opposition to a motion for a preliminary injunction, the court need not await that response if it intends to deny the motion "when the written evidence shows the lack of a right to relief so clearly that receiving further evidence would be manifestly pointless." *Commerce Park at DFW Freeport v. Mardian Const. Co.*,

3

729 F.2d 334, 341 (5th Cir. 1984).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the plaintiff's February 19, 2010 motion for preliminary injunction, or, in the alternative, a temporary restraining order [3] is **DENIED**.

**SO ORDERED** this the 23rd day of February, A.D., 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE