# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**WILLIAM CODY CHILDRESS,**
**a Minor, by and through John**
**Childress, Natural Father,**                                      **PLAINTIFF,**

**V.**                                          **CIVIL ACTION NO. 2:10CV024-P-A**

**TATE COUNTY SCHOOL DISTRICT,**
**ET AL.,**                                                      **DEFENDANTS.**

## <u>ORDER</u>

This matter comes before the court upon the defendants' motion to dismiss based on immunity [22]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

All of the plaintiff's 42 U.S.C. §1983 claims against Defendants Gary Walker, Superintendent of the Tate County School District, and Cory Blaylock, Principal of Independence High School, in their individual capacities should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Defendants Walker and Blaylock enjoy qualified immunity from these federal claims because their conduct did not violate a clearly established constitutional right of which a reasonable person would have known. *Guitierrez v. City of San Antonio*, 139 F.3d 441, 445 (5th Cir. 1998). The parties do not dispute that the Fifth Circuit and Supreme Court have clearly held that the 4th, 8th, and 14th Amendments do not apply in the school corporal punishment arena. Furthermore, the plaintiff admits there is no binding federal precedent applying the Equal Protection Clause to corporal punishment in schools. Accordingly, since the plaintiff cannot show as a matter of law that his equal protection argument was clearly established, the individual defendants are immune from the plaintiff's § 1983 claims. As to Tate County, the parties did not specifically argue

1

the merits of the §1983 claims against Tate County. Furthermore, in the prayer for relief section of their brief in support of their motion to dismiss, the defendants state only that "Tate County School District further requests that all state law claims and claims for punitive damages against it be dismissed with prejudice." Since the Complaint generally refers to "defendants" in its § 1983 claims, the court will, out of an abundance of caution, assume that these claims were also meant to be asserted against Tate County. Accordingly, these claims will remain pending.

Because the parties do not dispute that Title IX claims are inapplicable to the individual defendants, Count 7 should be dismissed as to Defendants Blaylock and Walker. However, since it appears from their brief that Defendant Tate County School District did not move to dismiss the Title IX claim as to it, that claim will remain pending.

The seven state-law claims asserted against all defendants should be dismissed for failure to comply with the Mississippi Torts Claim Act's 90-day notice requirements in Miss. Code Ann. § 11-46-11(1). It is undisputed that the plaintiff did not comply with § 11-46-11(1). The Mississippi Supreme court requires strict compliance with the 90-day notice requirement. *See e.g., South Cent. Regional Medical Ctr. v. Guffy*, 930 So.2d 1252, 1259 (Miss. 2006) ("this Court has ... adopted strict compliance as to the ninety-day notice requirement under Miss. Code Ann. §11-46-11(1)).

Alternatively, these state-law claims should be dismissed as to Defendants Blaylock and Walker in their individual capacities because the plaintiff has failed to show the inapplicability of the statutory immunities found in Miss. Code Ann. §11-46-7, §37-11-57(2), and §11-46-9(1)(x). Though the plaintiff alleges malice as an exception to these statutory immunities, these allegations are merely conclusory which is insufficient to defeat a claim of §11-46-7 immunity. *Smith v. Brookhaven Police Department* 914 So.2d 180, 185 (Miss. Ct. App. 2005).

Finally, since all of the plaintiff's claims against Defendants Blaylock and Walker in their individual capacities should be dismissed, the plaintiff's punitive damages claim should be likewise dismissed. As to Tate County, it is undisputed that municipalities are immune from punitive damages under § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Furthermore, the plaintiff conceded in his brief that he does not seek punitive damages from Tate County. Accordingly, the plaintiff's punitive damages claim against Tate County should be dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The defendants' motion to dismiss based on immunity [22] is **GRANTED**; accordingly,

(2) All of the plaintiff's claims against Defendants Cory Blaylock and Gary Walker, in their individual capacities, are **DISMISSED WITH PREJUDICE**;

(3) The plaintiff's state-law claims asserted in Counts 8, 9, 10, 11, 12, 13, and 14 against Defendant Tate County School District are **DISMISSED WITH PREJUDICE**;

(4) The plaintiff's punitive damages claim against Defendant Tate County School District is **DISMISSED WITH PREJUDICE**; however, since Defendant Tate County did not move for dismissal on the following claims,

(5) The plaintiff's claims pursuant to 28 U.S.C. § 1983, Counts 1, 2, 3, 4, 5, 6, remain pending against Defendant Tate County School District; and

(6) The plaintiff's Title IX claim in Count 7 remains pending against Defendant Tate County School District.

**SO ORDERED** this the 6th day of December, A.D., 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE